UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORI A. SOLIVEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02984-RLY-TAB |
| | ) |
| NANCY A. BERRYHILL Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Lori A. Soliven appeals the Administrative Law Judge's denial of her application for Social Security disability benefits. Soliven argues (1) the Appeals Council should have remanded the claim for review after receiving new evidence, and (2) the ALJ incorrectly evaluated the credibility of Soliven's statements regarding pain. For the reasons below, Soliven's brief in support of appeal [Filing No. 15] is denied, and the decision of the Commissioner is affirmed.

**II.     Background**

Soliven's claim for benefits alleges a disability beginning on October 13, 2012. Soliven's claim was denied originally and upon reconsideration. On November 5, 2014, an ALJ held a hearing attended by Soliven, her attorney, and a vocational expert. Soliven submitted additional evidence at the hearing and the ALJ obtained responses to interrogatories that he sent to two medical providers after the hearing. On June 12, 2015, the ALJ concluded Prince is not disabled.

At step one, the ALJ found Soliven has not engaged in any substantial gainful activity since the alleged onset date of the disability. At step two, the ALJ found Soliven suffered from severe impairments including degenerative disc disease, thyroid cancer, dysthymia, depression, and a panic disorder. At step three, the ALJ found this combination of impairments did not meet or equal a listing. At step four, the ALJ concluded Soliven has the residual functional capacity to:

> perform a range of light work (20 CFR 416.967(b)) defined as follows: sitting up to three hours at one time and six hours during an eight-hour workday; standing up to three hours at one time and six hours during an eight-hour workday; walking up to three hours at one time and six hours during an eight-hour workday; lifting, carrying, pushing and pulling twenty pounds occasionally and ten pounds frequently; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no climbing ladders, ropes or scaffolds; no work around dangerous moving machinery or at unprotected heights; simple routine tasks with the ability to attend, concentrate and persist for two hours at a time; no more than superficial interaction with the public, coworkers.

[Filing No. 13-2, at ECF p. 24-25.] With no past relevant work to consider, a VE then testified that Soliven can perform the work of a housekeeper, laundry worker, and mailroom clerk. At step five, the ALJ relied on the VE's testimony to conclude that Soliven is not disabled. The Appeals Council denied Soliven's request for review after considering additional evidence. This appeal followed.

### III. Standard of Review

The ALJ's disability determination must be upheld if it is supported by substantial evidence. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The ALJ must consider all relevant medical evidence but is not required to mention every piece of evidence used to reach his conclusion. *Pepper v. Colvin*, 712 F.3d 351,

362 (7th Cir. 2013). Accordingly, the ALJ's opinion must build a logical bridge between the relevant evidence and the conclusion. *Id.*

## IV. Discussion

### A. New Evidence

Soliven argues the Appeals Council failed to consider new, material, and relevant evidence before rejecting her request for review. The Commissioner argues the Appeals Council's decision "makes clear that it considered [Soliven's] new evidence and found the ALJ's decision is supported by the record as a whole." [Filing No. 21, at ECF p. 5.]

The Appeals Council followed the prescribed two-step procedure for new evidence in denying Soliven's request for review. The Appeals Council first determines if the proffered evidence is new, material, and related. *See* 20 C.F.R. § 404.970; *Perkins v. Chater*, 107 F.3d 1290, 1294. If it determines it is not, its inquiry ends. *Id.* If it determines it is, the Appeals Council adds the evidence to the record and determines if the ALJ's decision is contrary to the weight of all available evidence. *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015). If the ALJ's decision is not contrary to the evidence on record, the Appeals Council denies review. *See Brown v. Colvin*, No. 1:14-cv-01797-JMS-MJD, 2015 WL 3886029, at *13 (S.D. Ind. June 22, 2015).

Soliven submitted medical statements from Dr. Biggerstaff and Dr. Grethen to the Appeals Council for review. Dr. Biggerstaff performed a total thyroidectomy on April 24, 2015, removing Soliven's thyroid tissue, paratracheal lymph nodes, and mediastinal lymph nodes. [Filing No. 13-14, at ECF p. 2.] Soliven was then referred to her endocrinologist, Dr. Grethen, who found the two left-sided paratracheal lymph nodes contained metastatic papillary thyroid cancer. [*Id.* at ECF p. 26.] The Appeals Council received this additional evidence, added it to

3

the record [Filing No. 13-2, at ECF p. 4], and concluded it "does not provide a basis for changing the [ALJ's] decisions." [*Id.* at ECF p. 2.]

Soliven relies on *Farrell v. Astrue*, 692 F.3d 767 (7th Cir. 2012), to argue the Appeals Council's decision is ambiguous. The *Farrell* Court remanded based on ambiguity in the Appeals Council's statement "that it considered . . . the additional evidence . . . [and] found that this information does not provide a basis for changing the [ALJ's] decision." *Id.* at 770. The *Farrell* court could not determine if the Appeals Council "found the proffered evidence to be immaterial" or "accepted the evidence as material but found it insufficient." *Id.* at 771.

Although the language in Soliven's notice of Appeals Council action is similar to *Farrell*, Soliven's case is distinguishable. When the Appeals Council reviews and dockets the proffered evidence, courts have found no ambiguity. *See Brown*, 2015 WL 3886029 (S.D. Ind. June 22, 2015) (concluding the Appeals Council must have determined the evidence to be new and qualifying by adding it to the record); *Pottorf v. Colvin*, No. 1:13-cv-00931-SEB-TAB, 2014 WL 4636538 (S.D. Ind. Sept. 16, 2014) (finding the Appeals Council's decision to docket the evidence demonstrates it was considered new and relevant material). The Appeals Council indicated it considered the proffered evidence and concluded the ALJ's decision was not contrary. Specifically, the Appeals Council noted "the additional evidence does not provide a basis for changing the [ALJ's] decision" and added the proffered evidence to the record. [Filing No. 13-2, at ECF p. 2, 4.] There is no ambiguity in the Appeals Council's decision. The Appeals Council considered the proffered evidence new and relevant, but it did not provide a basis for changing the ALJ's decision. Thus, the Appeals Council's decision is made consistent with the prescribed procedures.

4

**B. Credibility Determination**

Soliven argues the ALJ should have found her reports of fatigue and regularly feeling unwell credible. [Filing No. 15, at ECF p. 16.] Soliven also argues the ALJ placed too much weight on her daily activities when analyzing her symptoms. [*Id.*] The Commissioner contends that the ALJ relied on substantial evidence for his credibility determination and properly considered Soliven's daily activities. [Filing No. 21, at ECF p. 5-7.]

When making a credibility determination, the ALJ considers Soliven's own statements, objective medical evidence, and other relevant evidence. 20 C.F.R. § 404.1529; *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006); S.S.R. 96-7p, 1996 WL 374186 (July 2, 1996). The Court affords special deference to the ALJ's credibility finding and will uphold the decision unless it is patently wrong. *See Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) ("It is only when the ALJ's determination lacks any explanation or support that [the Court] will declare it to be patently wrong.")

The ALJ found Soliven's statements about the intensity, persistence, and limiting effects of her degenerative disc disease and anxiety were not fully consistent with the record and concluded Soliven's reports are only partially credible. [Filing No. 13-2, at ECF pp. 24, 27.] The ALJ reached this conclusion by evaluating Soliven's subjective claims of pain and daily activities. Soliven reported pain and stiffness in her back and lower extremities that became worse with bending and walking. [Filing No. 13-7, at ECF p. 8-12.] Soliven also reported that her legs felt shaky and the pain from her spine radiates into her ribs. [Filing No. 13-8, at ECF p. 2.] Soliven expressed a limited ability to perform daily activities at her disability hearing. [Filing No. 13-2, at ECF p. 28.] Soliven explained being tired all the time led to difficulty

performing personal care activities including making her own meals, grocery shopping, vacuuming, and doing dishes. [*Id.* at ECF p. 43-44.]

The ALJ found Soliven's reports were partially credible when compared to evidence from other sources. Different physicians throughout the fall of 2012 concluded, after examinations of Soliven's spine, that Soliven retained normal motor strength, movement in all extremities, and deep tendon reflexes. [Filing No. 13-7, at ECF p. 7, 12, 17.] Soliven told consultative examiner Dr. Wooden that she performs basic household chores including housekeeping, laundry, and cooking, and enjoys painting, horses, and athletics. [*Id.* at ECF p. 79.] Soliven also told Dr. Barbera that she visited her father in Florida. [Filing No. 13-8, at ECF p. 53.] This evidence conflicts with Soliven's statements at the ALJ hearing that she had difficulty performing personal activities.

Although Soliven claimed pain and fatigue fairly limited her ability to perform daily activities, her own statements and objective medical evidence demonstrate otherwise. The ALJ concluded the Soliven's testimony is contradicted by her "previously [admitting] to a variety of activities of daily living," and that her statements about symptoms are "inconsistent with the . . . normal physical and neurological examinations conducted by her . . . physicians." [Filing No. 13-2, at ECF p. 28.] The ALJ found Soliven only partially credible, but still included unsupported claims of noise sensitivity in the hypothetical presented to the VE. [*Id.* at p. 28, 30.] The ALJ provided substantial evidence for his credibility determination. The credibility determination is not patently wrong, and therefore, remand is not appropriate on this issue.

Furthermore, the ALJ adequately considered Soliven's reports of limited daily activities when evaluating her claims. Soliven argues the ALJ should not have equated her daily activities to full-time work. Soliven points to *Gentle v. Barnhart*, 430 F.3d 865, 867-68 (7th Cir. 2005), in

6

which the ALJ erred in equating Plaintiff's daily activities to work and attaching great significance to this evidence. However, this does not bar the ALJ from weighing the evidence. Soliven's daily activities are a relevant factor in evaluating the credibility of her subjective complaints. *See* 20 C.F.R. § 416.929(c)(3)(i); *Pepper v. Colvin*, 712, F.3d 351, 369 (7th Cir. 2013). Soliven reported significant limitations in her ability to perform daily activities to the ALJ. Yet, she told Dr. Wooden and Dr. Barbera she could perform daily chores and visit her father in Florida. The ALJ relied on and gave significant weight to this in addition to the objective medical evidence. The ALJ did not err when he considered Soliven's daily activities when assessing credibility. Thus, remand is not appropriate.

**V.      Conclusion**

The Appeals Council followed the proper procedure in reviewing Soliven's proffered evidence. The ALJ provided substantial evidence to support his credibility finding. The Commissioner's decision should be affirmed and Soliven's brief in support of appeal [Filing No. 15] should be denied.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to timely file objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 8/10/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov